*409 MEMORANDUM *
Appellant Elizabeth Wilkerson appeals the district court’s Conclusions of Law denying benefits under a pre-existing condition exclusion in the Sun Life Long-Term Disability (“LTD”) Plan. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
The district court correctly held that the Sun Life LTD Plan could apply its preexisting condition exclusion to Wilkerson’s disability, despite her other later, non-disabling conditions. A pre-existing condition exclusion is valid, and bars recovery, if: (1) the provision is conspicuous; and (2) the “pre-existing condition substantially contributed to the disability.” McClure v. Life Ins. Co. of N. Am., 84 F.3d 1129, 1135 (9th Cir.1996). So long as the pre-existing condition substantially contributed to the disability, the insurer may deny benefits even if a later condition is shown to be “the predominant or proximate cause of the disability.” Id. at 1136.
The policy’s pre-existing condition exclusion here is conspicuous. Furthermore, Wilkerson acknowledges that her primary disabling condition is multiple sclerosis and that multiple sclerosis constitutes a preexisting condition under the Sun Life LTD Plan. Because there is thus no question that Wilkerson’s multiple sclerosis substantially contributed to her disability, Sun Life is not precluded from applying its pre-existing condition exclusion to Wilkerson’s disability, regardless of whether her later conditions were also substantial contributors. Id.
II
Because we hold that the Sun Life LTD Plan may apply its pre-existing condition clause so long as Wilkerson’s multiple sclerosis substantially contributed to her disability, we need not — and do not — reach any other issue presented by the parties.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.